Hon. Heyman Rothbart Counsel Division of Veterans' Affairs
This is in response to your letter wherein you request my opinion as to the application of section 242, subdivision 5 of the Military Law, regarding military leave benefits, to situations where members of the National Guard or Reserve are called to ordered military duty on days not scheduled as working days at their place of employment.
Section 242 of the Military Law pertains to the rights of public officers and employees who are absent from their employment while on ordered military duty. You state that the employees herein are employed by the Manhattan and Bronx Surface Transit Operating Authority. Under the definitions contained in subdivision 1 of said section 242, the employees herein would be considered as "public officers or employees" for the purposes of section 242. The employees, while serving on duty with the National Guard or Reserve pursuant to orders issued by the competent authority, would fall within the term "ordered military duty" as defined in subparagraph "b" of said subdivision 1 herein. Therefore, the following provision of section 242 would be deemed applicable to the public officers or employees in question:
 "5. Pay for thirty days. Every public officer or employee shall be paid his salary or other compensation as such public officer or employee for any and all periods of absence while engaged in the performance of ordered military duty, and while going to and returning from such duty, not exceeding a total of thirty days in any one calendar year and not exceeding thirty days in any one continuous period of such absence."
Our office held in 1976 Atty Gen [Inf.] 130, regarding the above subdivision, that the military leave benefits are available only when an actual conflict in fact exists between work time and ordered military duty, including necessary travel to and from the scheduled military training facility or site. These military leave benefits can only be utilized when the employee is in fact on ordered military duty, and is also scheduled to be in work on the designated military date. If the employee is not scheduled to be in work, then there is no authority for the charging of that time against the thirty-day military leave as set forth in subdivision 5 of section 242.
Accordingly, I conclude that personnel may be charged with military leave under section 242, subdivision 5 of the Military Law only when an actual conflict in fact exists between a scheduled work day and ordered military duty, including necessary travel to and from the scheduled military training facility.